### No. 287
### JOSEPH v. STATE

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2779.   Decided Dec. 7, 1925

629. INDICTMENT—Fact that court will not favor mere technical flaws where substantial justice has been done, does not relieve the state of setting forth all the essential elements of the crime.

PER CURIAM.

Henry Joseph was charged in the Hamilton Common Pleas with having obtained money under false pretenses from one Albert Bejach. The jury returned a verdict finding Jo-

seph guilty as charged. Motion for a new trial and arrest of judgment were overruled and sentence imposed.

Error was prosecuted for overruling of the motions on the grounds that the indictment did not charge a crime; that it did not allege that the property was obtained with intent to defraud; that it did not contain allegations that Bejach relied on the alleged false representations; and that there was a fatal variance betwen the charge in the indictment and the proof. The Court of Appeals held:

1. An indictment under 13104 GC., for obtaining money or property by false pretense, must allege that the money or property was obtained with intent to defraud as well as that it was obtained by false pretense. Intention to defraud is made an essential element of such offense by this section." 87 OS. 268.

2. While mere technical flaws in an indictment are not looked upon with favor by the courts so long as they do not affect the substantial rights of the parties, that does not mean that essential elements of the crime need not be set out in the indictment.

3. Of the various cases cited, it cannot be found that the rule laid down in 87 OS. 268 has been abrogated.

4. The motion to arrest judgment should have been granted.

Judgment reversed and cause remanded.

Attorneys—Leo R. Burke and A. R. Hoffman for Joseph; Charles S. Bell and Dudley M. Outcalt for State; all of Cincinnati.